No. 48.—JOHN W. POWELL, Ex'r. plaintiff in error, *vs.* J. D. BROWN, defendant in error.

[1.] A denial of the insolvency of a firm on whose insolvency the equity of a cause, in some measure, depends, when made on knowledge, information and belief, with a positive averment of its solvency, is not sufficient to authorize the dissolution of an injunction granted by the Chancellor.

[2.] An executor who answers mainly on knowledge, information and belief, and whose representative character, generally, shows that he can have no positive knowledge, cannot displace the equity of a bill so as to entitle him to a dissolution of the injunction, without proof to sustain his belief.

In Equity, from Coweta Superior Court. Decision, on motion to dissolve injunction, by Judge HAMMOND, at chambers, 2d January, 1857.

This was a bill filed by Jeremiah D. Brown, against John W. Powell, executor of William B. Brown, deceased, for injunction, discovery, and relief.

The allegations are, that prior to the year 1854, William B. Brown was engaged in merchandising in the town of Newnan. That on the 28th day of February, 1854, a partnership was formed between said William B. Brown, Samuel R. Bevis, and complainant, under the name and firm of *Brown, Bevis & Brown ;* that the stock of goods on hand and owned individually by Wm. B. Brown, was taken by the new firm at seven thousand five hundred dollars ; that Bevis and Jeremiah D. Brown were to pay to W. B. B. each, the sum of two thousand five hundred dollars for two-thirds the value of said goods, thus bought from him ; that about the 13th January, 1855, Bevis retired from the business, and complainant and his brother, Wm. B. Brown, bought him out and continued business under the firm of J. D. & W. B. Brown. Bevis had paid W. B. Brown the sum of eight hundred dollars in part, on his indebtedness for the stock bought from him. And the terms upon which Bevis sold out were, that he would relinquish and convey all his interest in said firm, upon being repaid the eight hundred dollars with interest, which he had paid to Wm. B. Brown, and allow him his store account and about four hundred dollars for his services rendered during the time he was in

the store. In effecting this arrangement complainant and defendant's testator gave to Bevis their note jointly for about twelve hundred and thirty-four dollars, eight hundred of which was for the amount he had, as above stated, paid for stock, and complainant and his brother, the defendant's testator, became equal and joint partners. That there never was any settlement or adjustment of said note, and complainant has been sued thereon since his brother's death.

The bill further charges that the firm of Brown, Bevis & Brown, was indebted to complainant at the time of its dissolution, about the sum of four hundred and sixty-eight dollars and seventy cents; and that the new firm of Brown & Brown was indebted at the time of the death of W. B. Brown, to complainant the sum of two thousand three hundred and seventy-two dollars; and that Wm. B. Brown at the time of his death was individually indebted to said firm of Brown & Brown the sum of two thousand two hundred and seventy-one dollars and thirty-two cents, and that he was indebted to complainant individually about one thousand six hundred and ninety-eight dollars. That there is still outstanding debts against the firm of *Brown & Brown*, amounting to about seven thousand two hundred and thirty-six dollars and eighty-six cents. That said firm is insolvent. That the said William B. Brown died the 30th of July, 1855, and the duty of settling and winding up the business of said firm has devolved upon complainant. That John W. Powell, the defendant, is the executor of the last will of said William B., and soon after his qualification, filed his bill in equity, to marshal the estate of his testator, and in which he avers that the estate of his testator is *insolvent*, and which complainant also charges to be the fact. Powell the executor, has commenced his action *at law* against complainant, and has on the first trial recovered a judgment for the sum of three thousand eight hundred and forty-two dollars and eighty-six cents, from which, complainant has appealed. That said claim is made up of three items; one of two thousand five hundred dollars, complainant's share of the stock of goods sold by tes-

tator to the firm of *Brown Bevis & Brown ;* one thousand two hundred and fifty dollars, being the one half of Bevis' share, and which was received and bought by the new firm of *Brown & Brown,* and some two hundred and twenty dollars for board, &c. Complainant charges that there was a great error and mistake made in the inventory of the goods on hand at the time he and Bevis went in with his brother, and that instead of seven thousand five hundred dollars, there was not more than four thousand five hundred dollars worth on hand at the time; and that his services for winding up the affairs of the firm of Brown & Brown, since his brother's death, are worth one thousand dollars. He offers *to come to a full* and fair settlement, &c., and prays that the action at law be enjoined; that the accounts be taken, and the rights and interests of the respective parties and creditors be declared and settled by a decree of this Court, &c.

The answer admits that Bevis sold out to complainant and his brother, as charged in the bill, and that the note for one thousand two hundred and thirty-four dollars, given by them jointly to Bevis, is outstanding, unpaid, and that complainant has been sued thereon: denies, or does not admit the indebtedness of his testator to complainant, or to the firm of Brown & Brown, as charged in the bill: denies *that there was any error in the inventory of the goods sold* by his testator to the firm of Brown, Bevis & Brown, but that the same was true and correct, and that the said sum of two thousand five hundred dollars, part of defendant's claim, and the said sum of one thousand two hundred and fifty dollars, another part of defendant's claim against said complainant, based on the said inventory, are just and ought to be paid. Admits that complainant's services would be worth one thousand dollars, if he had diligently and properly wound up and settled the business and affairs of said firm, but denies that this has been done; and denies that the firm of Brown & Brown is insolvent, but claims that there will or should be a large balance, after paying and discharging all the debts and liabilities of said firm.

Upon the coming in of the answer, defendant, at chambers, moved to dissolve the injunction, on the grounds :

1st. That there was no equity in the bill.

2d. That if there was any equity in the bill, it was fully sworn off in the answer.

After argument, the Judge refused the motion, and upheld the injunction, and defendant excepts and assigns error.

J. W. Powell, in *propria persona*, for plaintiff in error.

C. J. McKinley, for defendant in error.

*By the Court.*—McDonald J. delivering the opinion.

[1.] In deciding the motion to dissolve the injunction, the presiding Judge in the Court below held, that inasmuch as the complainant, who, is the surviving partner of the firm of J. B. & Wm. B. Brown, and has the assets of the said firm in his hands, charges positively that the said firm is insolvent, he would not undertake to decide the question of insolvency, although the answer denies it positively, but he would refer that question to the jury. This decision, and this *alone*, is excepted to as illegal and erroneous. There is no error assigned on the refusal of the motion to dissolve the injunction. But the decision of the Court, as excepted to, must be sustained. The answer to the charge of the insolvency of the firm is that, the " defendant, answering from *his knowledge information and belief*, denies that the firm of J. D. & W. B. Brown is, or was insolvent," and goes on to deny that the solvent notes, assets and merchandize amounted only to the sum set forth in (Exhibit C.) and then proceeds to " say distinctly that said firm was entirely solvent at the death of the said Wm. B., &c. Here is a denial of insolvency made expressly upon knowledge, information and belief, and then an averment of solvency distinctly made, but must be considered as distinctly made, under the same qualifications that the denial is made, to-wit: on the knowledge, information and belief of the defendant. The defendant cannot know more positively that the firm was solvent than he does,

Powell ex'r vs. Brown.

that it was insolvent. Hence this reason assigned by the Court is one of the many good reasons apparent in the bill and answer, for refusing the motion to dissolve.

The argument of the cause before this Court, traveled out of the solitary assignment of error presented in the record, and covered all the ground of a sweeping exception to the decision of the Court, refusing to dissolve the injunction. We will not follow the counsel through all the points presented in the argument. It might be improper, as this case must be submitted to a jury, and it is not necessary to the decision of the law of the case on many points, to deal with that part of the case which would lead to a discussion of the facts.

We will remark that the Equity of this case does not depend so much on the solvency of the firm of J. D. & W. B. Brown, as it does on the insolvency of the estate of Wm. B. Brown. The suit at law enjoined is for the recovery of three distinct items, to-wit: two thousand five hundred dollars for one-third of the stock of goods on hand, all of which belonged to the testator, at the time the partnership was formed; one thousand two hundred and fifty dollars, one half of the interest of Bevis when he sold to the Browns his interest; and two hundred and twenty dollars for eleven months board. When the Browns purchased the interest of Bevis, they agreed to refund to him eight hundred dollars with interest, a sum which he had paid William B. Brown on the purchase of one-third of the stock of goods, and four hundred dollars for his services in the firm, while he was a partner. The two Browns gave their joint or joint and several note for one thousand two hundred and thirty-four dollars, the thirty-four dollars being for interest as I suppose. On this note the complainant has been sued since William B. Brown's death. The executor of his estate has not been sued. The entire amount of this note will be recovered from the complainant, if he should not pay it. As the executor claims and has sued the complainant for one thousand two hundred and fifty dollars, as his share of the unpaid purchase money of Bevis, for which he became liable on Bevis' sale of his in

terest in the partnership, the eight hundred dollars, which had been paid by Bevis, and which was to be repaid to him, became the debt of William B. Brown, and one half of the interest and one half of amount paid for services of Bevis, became also the debt of William B. Brown, and if his estate is insolvent, and the complainant should be forced to pay the whole amount, he certainly has a right, upon the allegation of the insolvency of his estate, to ask a Court of Chancery to decree to him, out of the firm assets going to the testator, enough to pay that demand, on its being paid by him. He cannot set it off at law, because he has not paid it. If he allows it to pass into the hands of the executor, it will become assets in his hands payable to creditors of higher degree, if any, and if none, to complainant and creditors of equal degree, rateably.

[2.] So in respect to other matters in complainant's bill set forth as claims connected with, or growing out of the partnership business, most of which are denied or explained on the information and belief of the executor. Such denials do not displace the Equity of complainant's bill. The Court will require a positive denial or proof to support the denial on information and belief, before it will dissolve the injunction.

I might refer to the alleged mistake in the inventory by which the first purchase of the stock of goods was made, and other things, of which a sufficient denial is not made. It is true, that such allegations must be supported by complainant's proof at the hearing; but the injunction ought to be retained until a full investigation can be had on evidence.

The denial of facts, constituting a strong Equity on the part of a complainant, by an executor who answers on information and belief only, and whose representative character, in most cases, shows that he can have no knowledge, is not sufficient to entitle him to a dissolution of an injunction granted by the chancellor on these facts positively charged. It is our judgment that there is enough in this case to have justified the Court in retaining the injunction.

Judgment affirmed.